**IN THE UNITED STATES BANKRUCPTY COURT FOR
THE MIDDLE DISTRICT OF PENNSYLVANIA**

In re: Brian L. Allen No. 4:12-bk-01378-JJT Chapter 12

_____

In re: Dale E. Allen and Sandra B. Allen No. 4:12-bk-01379-JJT Chapter 12

_____

In re: Dale Allen and Brian Allen Partnership No. 4:12-bk-01377-JJT Chapter 12

_____

**DEBTOR'S ANSWER TO MOTION OF
CITIZEN'S & NORTHERN BANK FOR
RELIEF FROM THE AUTOMATIC STAY**

    **AND NOW COME** all Debtors in the above-captioned merged matters and file this

ANSWER TO THE MOTION OF CITIZEN'S & NORTHERN BANK FOR RELIEF FROM

THE AUTOMATIC STAY:

1. *DENIED that the Bank's claim is as set forth in the Proof of Claim. It is unknown to*
   *counsel, at this time, the extent of Bank's liens or security interests. The same are*
   *therefore denied. It is further asserted that there is a substantial amount of equity in*
   *the property and that the property is necessary for an effective reorganization and*
   *further that the ultimate disposition of the forthcoming objection to the Proof of*
   *Claim filed by the Bank and Adversarial Action against the Bank will significantly*
   *effect both the Debtor's and the Bank's interest in the property, and therefore be*
   *significant to the Bankrupt Estate.*

2. *ADMITTED, nevertheless, the misfeasance/malfeasance of the bank in interfering*
   *with the ability of the Debtors to sell or lease their mineral rights, thus securing a full*
   *payoff of the bank's mortgage on the real property, obstructed the ability of the*

*Debtors to fulfill obligations under the plan. It is further asserted that there is a substantial amount of equity in the property and that the property is necessary for an effective reorganization and further that the ultimate disposition of the forthcoming objection to the Proof of Claim filed by the Bank and Adversarial Action against the Bank will significantly effect both the Debtor's and the Bank's interest in the property, and therefore be significant to the Bankrupt Estate.*

3. *ADMITTED that Debtors have not made all payments under the terms of the Amended Plan. It is asserted that the actions of the bank, whether misfeasance or malfeasance, actively obstructed the ability of the Debtors to comply with the terms of the plan or the original mortgages and indentures; and as such, Debtors have a cause of action against the Bank which will impact the ability of the Bank to foreclose and further, the liability of the Debtors to the Bank and the Bank to the Debtors.*

**WHEREFORE,** Debtors move this Honorable Court to deny the Motion for Relief.

**RESPECTFULLY SUBMITTED:**
**ZEIGLER LAW FIRM, LLC**

**s/Matthew J. Zeigler**
Matthew J. Zeigler
Attorney ID: 83367
353 Pine Street, Suite 3
Williamsport, PA 17701

(570) 599-2211
mjzeigler@comcast.net

## IN THE UNITED STATES BANKRUCPTY COURT FOR
## THE MIDDLE DISTRICT OF PENNSYLVANIA

In re: Brian L. Allen No. 4:12-bk-01378-JJT Chapter 12

_____

In re: Dale E. Allen and Sandra B. Allen No. 4:12-bk-01379-JJT Chapter 12

_____

In re: Dale Allen and Brian Allen Partnership No. 4:12-bk-01377-JJT Chapter 12

_____

**I, Matthew J. Zeigler, do certify that I served the above ANSWER TO MOTION FOR**

**RELIEF upon all appearing counsel, including the United States Trustee, by virtue of the**

**Electronic Filing System of this Court.**

**RESPECTFULLY SUBMITTED:**
**ZEIGLER LAW FIRM, LLC**

**s/Matthew J. Zeigler_____**
Matthew J. Zeigler
Attorney ID:  83367
353 Pine Street, Suite 3
Williamsport, PA 17701

(570) 599-2211
mjzeigler@comcast.net